**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH R. KLINE, | ) | |
| | ) | CASE NO.    1:12-cv-01802 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Plaintiff Deborah R. Kline ("Kline") challenges the final decision of the Commissioner of

Social Security, Michael J. Astrue ("Commissioner"), denying Kline's claim for Supplemental

Security Income under Title II of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq*.  This

matter is before the Court pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b).

For the reasons set forth below, it is recommended that the final decision of the

Commissioner be AFFIRMED.

**I.  Procedural History**

On August 12, 2008, Kline filed an application for SSI alleging a disability onset date of

December 15, 2006.  Later, Kline amended her alleged onset date to March 1, 2005.  (Tr. 22.)

Her application was denied both initially and upon reconsideration.

On July 19, 2010, an Administrative Law Judge ("ALJ") held a hearing during which

Kline, represented by counsel, and an impartial vocational expert ("VE") testified.  On August

11, 2010, the ALJ found Kline was able to perform a significant number of jobs in the national

economy and, therefore, was not disabled.  The ALJ's decision became final when the Appeals

Council denied further review.

## II.  Evidence

*Personal and Vocational Evidence*

Age twenty-seven (27) at the time of her administrative hearing, Kline is a "younger" person under social security regulations.  *See* 20 C.F.R. § 416.963(c).  (Tr. 30.)  Kline has a high school education and no past relevant work.  (Tr. 30.)

*Hearing Testimony*

At the hearing, the ALJ posed the following hypothetical questions to the VE:

I want you to assume a person of the same age, education and work background as Ms. Kline; capable of light work [INAUDIBLE] work, does not require more than occasional postural activities.  No exposure to heights or hazards, only occasional contact with coworkers, public and supervisors.  And required performance of only simple and routine one or two-step activities as a result of moderate limitations in concentration, persistence and pace.  Would there be any light or sedentary, unskilled work, which such a person could perform?

(Tr. 58.)

The VE testified that there would be jobs such an individual could perform and identified the following three examples: dining room attendant, produce sorter, and addressing clerk.  (Tr. 58-59.)  The VE testified that if the hypothetical individual had a marked inability to interact with others due to severe anxiety, full-time work would not be available.  (Tr. 59.)  In response to questions from Kline's counsel, the VE testified that marked limitations in the hypothetical individual's ability to maintain concentration and attention for extended periods, to sustain a routine without special supervision, *or* to perform activities within a schedule and maintain regular attendance would all preclude employment.  (Tr. 59-60.)

## III.  Standard for Disability

A disabled claimant may be entitled to receive SSI benefits.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,* 667 F.2d 524 (6th Cir. 1981).  To receive SSI benefits, a claimant must meet certain income and resource limitations.  20 C.F.R. §§ 416.1100 and 416.1201.

The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity."  Second, the claimant must suffer from a "severe impairment."  A "severe impairment" is one which "significantly limits ... physical or mental

2

ability to do basic work activities." Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled. For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

## IV.  Summary of Commissioner's Decision

The ALJ found Kline established medically determinable, severe impairments, due to "mood disorder, anxiety disorder, fibromyalgia syndrome (FMS), vertigo and borderline intellectual functioning (BIF)."  (Tr. 24.)  However, her impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  (Tr. 25.) Kline was determined to have a Residual Functional Capacity ("RFC") for *a limited range* of light work.  (Tr. 27-28.)  The ALJ then used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to determine that Kline was not disabled.

## V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the correct legal standards were applied. *See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed if the administrative law judge's findings and inferences are reasonably drawn from the record or supported by substantial evidence, even if that evidence could support a contrary decision."); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999)("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal.  *See, e.g.,White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) ("Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.")

Finally, a district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result."  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (*quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir.1996); *accord Shrader v. Astrue*, 2012 WL 5383120 (E.D. Mich. Nov. 1, 2012) ("If relevant evidence is not mentioned, the Court cannot determine if it was discounted or merely overlooked."); *McHugh v. Astrue*, 2011 WL 6130824 (S.D. Ohio Nov. 15, 2011); *Gilliam v. Astrue*, 2010 WL 2837260 (E.D. Tenn. July 19, 2010); *Hook v. Astrue*, 2010 WL 2929562 (N.D. Ohio July 9, 2010).

## VI. Analysis

Kline argues that the ALJ erred because the RFC finding did not accommodate all the

4

limitations the ALJ found to be credible.  (ECF No. 12 at 10-13.)  Specifically, Kline asserts that the ALJ did not account for the moderate difficulties in concentration, persistence, or pace he ascribed to her at Step Three, as no speed or pace-based limitations were included in the RFC or in the hypothetical question posed to the VE.  *Id*.

The RFC determination sets out an individual's work-related abilities despite their limitations. See 20 C.F.R. § 416.945(a).  A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner.  *See* 20 C.F.R.§ 416.927(d)(2).  An ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner."  *See* 20 C.F.R.§ 416.927(d)(3).  As such, the ALJ bears the responsibility for assessing a claimant's RFC, based on all of the relevant evidence.  See 20 C.F.R. § 416.946(c).  "Judicial review of the Commissioner's final administrative decision does not encompass re-weighing the evidence."  *Carter v. Comm'r of Soc. Sec.*, 2012 U.S. Dist. LEXIS 40828 at **21-22 (W.D. Mich. Mar. 26, 2012) (*citing Mullins v. Sec'y of Health & Human Servs.*, 680 F.2d 472 (6th Cir. 1982); *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 414 (6th Cir. 2011); *Vance v. Comm'r of Soc. Sec.*, 260 Fed. Appx. 801, 807 (6th Cir. 2008)).

A hypothetical question must precisely and comprehensively set forth every physical and mental impairment that the ALJ accepts as true and significant.  *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).  Where the hypothetical question is supported by evidence in the record, it need not reflect unsubstantiated allegations by the claimant.  *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).  In fashioning a hypothetical  question to be posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible.  *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (*citing Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1993)).  However, where the ALJ relies upon a hypothetical question that fails to adequately account for all of the claimant's limitations, it follows that a finding of disability is not based on substantial evidence.  *See Newkirk v. Shalala*, 25 F.3d 316, 317 (6th Cir. 1994).

At Step Three, the ALJ found that Kline did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  (Tr. 25.)  The ALJ expressly

considered whether Kline met or equaled the criteria of several listings based on mental impairments, specifically Listings 12.04, 12.05, and 12.06.  (Tr. 26.)  The ALJ tracked the language utilized in the listings, and found that in the category of "concentration persistence, *or* pace," Kline had moderate difficulties.  (Tr. 26) (emphasis added).  Based on this finding, Kline contends that "the speed- and pace- based restrictions found by the ALJ at Step Three" were omitted from both the hypothetical and the RFC.  (ECF No. 12 at 12.)  Kline relies on the Sixth Circuit's decision in *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), to support her argument.  In *Ealy*, the Sixth Circuit was confronted with a situation where the ALJ ascribed significant weight to the opinion of a state agency psychological consultant, yet omitted that same consultant's opinion that the claimant could only perform "simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical."  *Id.*  Conversely, the Commissioner argues that the facts in *Ealy* are distinguishable from the case at bar because that plaintiff was ascribed specific speed and pace-based limitations that are not present here.  (ECF No. 13 at 13-14.)

As this Court understands Kline's argument, she believes that the RFC and hypothetical, which limited her to simple, routine, repetitive, one or two-step tasks was insufficient to convey the moderate difficulties she had with respect to *pace*.  At first glance it, appears that there may be an internal inconsistency between the ALJ's Step Three and Step Four findings due to the exclusion of pace from the latter.  However, the phrase "concentration, persistence, or pace" is derived from the express language of the listings dealing with mental impairments.  It is one of the four categories of criteria used to assess a claimant's functional limitations.  20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 12.00(C).   When comparing a claimant's mental impairments with the listings at Step Three, an ALJ will usually determine whether a claimant has moderate, marked, or extreme limitations in the four categories.  Notably, the criteria concerning limitations in "concentration, persistence, or pace" is written in the disjunctive.  Kline's argument is premised on the assumption that the ALJ found she was moderately limited in **all three** areas, including pace.  This assumption, however, is without basis.  "As a preliminary matter, it is significant to note that the ALJ did not necessarily attribute all three

6

impairments—deficient concentration, persistence, and pace—to [claimant].  The classification

is written in the disjunctive." *Brachtel v. Apfel*, 132 F.3d 417, 421 (8ᵗʰ Cir. 1997).  In *Brachtel*,

the Eighth Circuit explained that even though an ALJ finds limitations in the category of

concentration, persistence or pace, the ALJ is "not necessarily making a finding that the claimant

has all three of these impairments." *Id*.  A close reading of the decision reveals that the ALJ

found Kline suffered moderate difficulties only in concentration and persistence.  The decision

states as follows:

> With regard to concentration, persistence, *or* pace, the claimant has moderate
> difficulties.  The claimant told Dr. Ugboma in February 2010 that she had
> concentration problems. (Exhibit 23F).  Mr Konkoly found that the claimant had
> marked limitations in sustaining routine without special supervision and in
> maintaining concentration and attention for extended periods. (Exhibit 36F).  Mr.
> Halas found the claimant had mild limitations in maintaining attention and
> performing simple, routine and repetitive tasks.

(Tr. 26) (emphasis added).

Notably, the above discussion addresses problems with concentration and persistence, but

not pace.  Moreover, the RFC finding included a limitation that Kline could "only perform

simple, routine, repetitive, one or two step tasks *due to moderate limitations in concentration,*

*persistence*; ..." (Tr. 27) (emphasis added).  Therefore, the ALJ's limitations at Step Four were

based on Kline's concentration and persistence difficulties.  There is no indication the ALJ

credited any evidence with respect to difficulties maintaining pace.  Reading the decision as a

whole, the ALJ did not find that Kline had moderate pace-based limitations.  Because an ALJ is

only required to incorporate in the RFC or hypothetical those limitations that he or she accepts as

credible, the ALJ did not err by omitting pace-based restrictions.[1]

---

[1] Neither side addresses the fact that the hypothetical posed to the VE varies from the
ultimate RFC finding.  The hypothetical limited Kline to "only simple and routine one or two-
step activities as a result of moderate limitations in concentration, persistence *and* pace."
(emphasis added).  As discussed above, the RFC did not include pace.  The Court finds that the
ALJ's reliance on the VE's testimony was, nonetheless, reasonable.  Any error caused by this
inconsistency cannot be anything but harmless.  If the inclusion of a restriction based on pace
was accidental, Kline could only have benefitted, as the VE's answer would result in less jobs
being available, not more.  Conversely, if the ALJ intended to include pace in the RFC, his
failure to do so was harmless, as the hypothetical expressly *included* a pace restriction.  The

The Court also agrees with prior decisions of this district that declined to find *Ealy* established a *per se* rule concerning the level of functional limitations that must be ascribed whenever a claimant is determined to have moderate limitations in his or her ability to maintain "concentration, persistence, or pace."

> *Ealy* does not require further limitations in addition to limiting a claimant to "simple, repetitive tasks" for every individual found to have moderate difficulties in concentration, persistence, or pace. *See Ealy*, 594 F.3d 504. Instead, *Ealy* stands for a limited, fact-based, ruling in which the claimant's particular moderate limitations required additional speed- and pace-based restrictions. *See Id*. In *Ealy*, the claimant presented evidence from the record that showed the claimants limited ability to maintain attention over time, even when performing simple, repetitive tasks. *See Id*.  Here, unlike *Ealy*, Plaintiff refers to no record evidence to suggest that she had any greater limitations than those identified by the ALJ.

*Jackson v. Comm'r of Soc. Sec.*, 1:10CV763, 2011 WL 4943966 (N.D. Ohio Oct. 18, 2011) (Boyko, J.); *accord Todd v. Astrue*, 1:11-CV-1099, 2012 WL 2576435 (N.D. Ohio May 15, 2012) report and recommendation adopted, 1:11 CV 1099, 2012 WL 2576282 (N.D. Ohio July 3, 2012); *Clayton v. Astrue*, 1:12-CV-79, 2013 WL 427407 (S.D. Ohio Feb. 1, 2013); *Horsely v. Astrue*, 1:11-CV-703, 2013 WL 55637 (S.D. Ohio Jan. 3, 2013); *cf. Raymond v. Comm'r of Soc. Sec.*, 1:11 CV 156, 2012 WL 2872152 (N.D. Ohio June 4, 2012) report and recommendation adopted, 1:11CV15, 2012 WL 2872462 (N.D. Ohio July 12, 2012) (acknowledging that "[t]he law in this District on the proper application of *Ealy* remains in the development stage")

While Kline's reply brief asserts that there is evidence in the record capable of supporting speed and pace-based functional limitations, such an argument is immaterial given the substantial evidence standard does not require reversal merely because evidence exists that *could* support a different conclusion.  Kline has not argued that the ALJ's explanation for the weight accorded to the various "medical sources" or "other sources" was insufficient.  Though Kline points to the opinions from Ronald Konkoly, a therapist, and Richard C. Halas, M.A., as supporting speed and pace-based restrictions, the ALJ ascribed little weight to these opinions. (Tr. 29.)  Notably, Kline has not challenged those determinations.

---

VE's testimony was based on a hypothetical with a pace restriction, making the case at bar distinguishable from *Ealy*.

Therefore, Kline's sole assignment of error is without merit.

## VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner supported by substantial evidence.  Accordingly, the decision of the Commissioner should be AFFIRMED and judgment entered in favor of the defendant.

s/ Greg White
United States Magistrate Judge

Date: April 17, 2013

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**